UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-cv-163-FDW
(3:17-cr-210-FDW-DSC-1)

| | |
|---|---|
| **CORIEAL LAROME HOLMES,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate Sentence under 28 U.S.C. § 2255 [Doc. 1], and on the United States' Motion to Dismiss [Doc. 3].

### I. BACKGROUND

Petitioner was charged with possession with intent to distribute at least 28 grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) (Count One); possession with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Count Two); possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (Count Three); and possession of a firearm in furtherance of a drug trafficking offense, *i.e.*, Count Two, in violation of 18 U.S.C. § 924(c)(1)(A) (Count Four). [3:17-cr-210 ("CR") Doc. 14]. Petitioner proceeded to a jury trial and the jury convicted him on all four counts. [CR Doc. 54]. Petitioner was sentenced to a total of 214 months' imprisonment, consisting of 154 months for Counts One and Two, concurrent, and 120 months for Count Three and 60 months for Count Four, consecutive. [CR Doc. 67].

On direct appeal, Petitioner argued that: (1) police violated his Fourth Amendment rights

by searching his garbage can without a warrant because the can was within the curtilage of his residence at the time of the searches, and that the subsequent search of his home was unlawful because the affidavit supporting the search warrant failed to provide probable cause for the search; and (2) the Court erred by denying his Rule 29 Motion for Judgment of Acquittal because there was insufficient evidence from which a rational trier of fact could conclude that he possessed a firearm in furtherance of a drug trafficking crime in violation of § 924(c). The Fourth Circuit affirmed the Judgment on June 2, 2021. United States v. Holmes, 858 F. App'x 612, 614 (4th Cir. 2021). The Fourth Circuit found that: (1) the Court did not err in finding that the officers credibly testified that Petitioner left his garbage can on the curb for collection when officers conducted their searches, and that the garbage can was not located within the curtilage of the home, and thus, the Fourth Amendment did not prohibit its warrantless search; and (2) the Government adduced sufficient evidence from which a rational jury could conclude that Petitioner possessed at least one firearm in furtherance of a drug trafficking crime. Id.

Petitioner filed the instant Motion to Vacate on April 11, 2022.[1] [Doc. 1]. He argues that he is "innocent" of the § 924(c) offense because the Government failed to prove that he possessed a firearm in furtherance of a drug trafficking crime. [Doc. 1 at 4]. For relief, he asks that the Court vacate the § 924(c) conviction. The Government filed a Motion to Dismiss on May 17, 2022, arguing that Petitioner's claim is barred because the Fourth Circuit rejected it on direct appeal. [Doc. 3]. Petitioner filed a Response on June 9, 2022, in which he reiterates his claim that the Government failed to prove a § 924(c) violation. [Doc. 6]. He also asserts that law enforcement agents violated the Fourth Amendment by searching garbage on his curb, however, he states that

---

[1] Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule); Rule 3(d), 28 U.S.C. foll. § 2255 (addressing inmate filings).

2

this claim is "not raised as an issue in the instant matter…." [Id. at 1-2]. The Government did not reply. The matter is now ripe for disposition.

## II. STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

It is well settled that a petitioner cannot "circumvent a proper ruling ... on direct appeal by re-raising the same challenge in a § 2255 motion." United States v. Linder, 552 F.3d 391, 396 (4th Cir. 2009); see United States v. Dyess, 730 F.3d 354, 360 (4th Cir. 2013) (a criminal defendant cannot "circumvent a proper ruling … on direct appeal by re-raising the same challenges in a § 2255 motion."); United States v. Roane, 378 F.3d 382, 396 n. 7 (4th Cir. 2004) (noting that, absent "any change in the law," defendants "cannot relitigate" previously decided issues in a § 2255 motion); Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir.1976) (holding criminal defendant cannot "recast, under the guise of collateral attack, questions fully considered [on direct

3

appeal]").

Here, Petitioner attempts to raise the same sufficiency of the evidence and Fourth Amendment claims that were fully considered and rejected by the Fourth Circuit on direct appeal. Petitioner has failed to demonstrate that any change of law has occurred that would warrant their reconsideration. Accordingly, these claims cannot be relitigated in this § 2255 action, and the Motion to Vacate will be dismissed.

## IV. CONCLUSION

For the foregoing reasons, the United States' Motion to Dismiss is granted and Petitioner's § 2255 Motion to Vacate is dismissed.

**IT IS, THEREFORE, ORDERED** that:

1. The United States' Motion to Dismiss [Doc. 3] is **GRANTED**.

2. Petitioner's Motion to Vacate Sentence under 28 U.S.C. § 2255, [Doc. 1], is **DISMISSED**.

3. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

4. The Clerk is instructed to close this case.

Signed: June 27, 2022

Frank D. Whitney
United States District Judge

5